■ In the Matter of ALLIED-SIGNAL, INC., as Successor in Interest to BENDIX CORPORATION, Appellant, v COMMISSIONER OF FINANCE, Respondent.—Order, Supreme Court, New York County (Jeffrey M. Atlas, J.), entered March 5, 1990, which denied the petition to annul respondent's final determination of June 9, 1988, which assessed a general corporation tax deficiency in the sum of $96,540, plus interest, for the period October 1, 1980 through September 30, 1981, unanimously affirmed, without costs.

For the relevant period, petitioner's predecessor The Bendix Corporation (Bendix) did not pay New York City general corporation tax for dividends and capital gains income derived from its investment in Asarco, Inc., a domestic corporation which maintained its headquarters and conducted business in New York City. Although Bendix, a foreign corporation, conducted business in New York City, it engaged in no business activity with Asarco in New York City. All ordinary business transactions between them arose and were conducted outside of this State.

Here, the source of the investment income paid to Bendix was a domestic corporation which availed itself of the opportunities, protections and benefits afforded those conducting business in the taxing jurisdiction (see, Wisconsin v J. C. Penney Co., 311 US 435, 444; Harvester Co. v Department of Taxation, 322 US 435, 441-442). The simple but controlling question is whether the taxing jurisdiction has given anything for which it can ask return (see, Wisconsin v J. C. Penney Co., supra, at 444). The privileges conferred upon Asarco in conducting its business here serve as a basis for the imposition of a tax on Bendix as the recipient of New York source income (Harvester Co. v Department of Taxation, supra, at 441-442). Inasmuch as the taxing jurisdiction herein is also the income source, we find the "unitary business" principle to be inapplicable and the tax imposed to be in no way violative of the Due Process or Commerce Clauses. (Container Corp. v Franchise Tax Bd., 463 US 159; Asarco Inc. v Idaho State Tax Commn., 458 US 307.) Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ. [See, 146 Misc 2d 632.]